IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RAYMOND BERNARD THOMAS,

    Plaintiff,

v.                                                                          No. 1:17-cv-01071-JDB-cgc

JUDGE LEE MOORE, JIMMY LANIER,
TODD TAYLOR, DANNY GOODMAN,
GREG BARR, RODNEY WRIGHT, &
TIMOTHY BOX,

    Defendants.

ORDER OF DISMISSAL

On April 17, 2017, Plaintiff, Raymond Bernard Thomas, an inmate at the Dyer County Jail in Dyersburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, which also included state law claims, as well as a motion to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1, 2.) The Court granted Plaintiff leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)–(b). (D.E. 4.)

**I.    BACKGROUND**

Thomas presents a convoluted account of crooked police officers, judges, and defense attorneys, working seemingly in concert for over a decade to undermine his civil rights. (D.E. 1-1 at PageID 5–10.) Plaintiff's story begins with a 2006 charge for marijuana possession that impeded a pending disability claim. (*Id.* at 6) Following the dismissal of the criminal case, the bailiff present at the proceeding, Defendant, Officer Greg Barr, approached Thomas and requested that he meet with Barr at the Newbern police station to discuss information pertaining to a robbery. (*Id.*) Plaintiff complied, and at the meeting, the officer asked him for information

1

regarding a drug dealer and offered money if Thomas would assist. (*Id.*) When Barr told Thomas that he could not protect him or his family, the inmate balked at the offer. (*Id.* at PageID 6–7.) Thereafter, Barr and Defendant, Officer Rodney Wright, allegedly retaliated against Plaintiff, misusing his phone number to apprehend criminals. (*Id.* at PageID 7.) Precisely how this particular exploitation unfolded is not apparent from the complaint. The officers then used an informant, who was also a friend of Thomas, to ensnare him in another drug charge in an attempt to gain Plaintiff's cooperation. (*Id.*) Despite their best efforts, the inmate again turned them down. (*Id.*)

Thomas was evidently indicted for the crime, and Defendant, Judge Lee Moore, appointed Defendant, Attorney Danny Goodman, to represent him in the matter. (*Id.* at PageID 8.) Goodman advised Plaintiff that if he cooperated with the officers, the case against him would be dropped. However, Thomas stood firm in his refusal. (*Id.*) After a trial, Plaintiff was ultimately convicted of the crimes. (*Id.* at PageID 9.) He tried to appeal but, to his dismay, he learned that two more Defendants, Jimmy Lanier and Todd Taylor, both apparently his lawyers, had "signed off on" his right to an appeal. (*Id.*) This occurred at some point between December 2010 and March 2012. (*Id.*) This "signing off" was orchestrated by Judge Moore, Thomas's defense attorneys, and the prosecution. (*Id.*)

Unfortunately, the story does not end there, as Plaintiff incurred more drug charges in 2013 that were, as of the time of filing in 2017, still pending. (*Id.* at PageID 10.) The continuances of these cases, Thomas maintains, violated his right to a fair trial. (*Id.*)

## II.    SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be

granted" or "(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). To assess whether the complaint states a claim on which relief may be granted, the Court applies the pleadings standard under Federal Rule of Civil Procedure 12(b)(6), announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Despite being "held 'to less stringent standards,'" pro se parties, including those that are incarcerated, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("declin[ing] to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants").

### III. ANALYSIS

42 U.S.C. § 1983 provides as follows:

3

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of a right "secured by the 'Constitution and laws' of the United States" (2) committed by a defendant acting "under color of state law." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Under Federal Rule of Civil Procedure 18(a), "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Furthermore, persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

The United States District Court for the Eastern District of Michigan has succinctly summarized the correct approach to joinder under the Federal Rules of Civil Procedure:

> In considering whether joinder should be permitted, the court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g.*, *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

*Harris v. Gerth*, No. 08-CV-12374, 2009 WL 368011, at *1 (E.D. Mich. Feb. 11, 2009).

"[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *George*, 507 F.3d at 607.

The complaint in this case asserts numerous, unrelated claims against at least seven different Defendants arising out of Thomas's arrest, trial, and incarceration for multiple offenses over the course of several years. Plaintiff's is "the kind of 'buckshot complaint'" that courts typically reject. *Harris*, 2009 WL 368011, at *1 (quoting *George*, 507 F.3d at 607). If Thomas wishes to sue on all of his claims, he will necessarily have to bring more than one lawsuit, each accompanied by a separate application to proceed *in forma pauperis*. *See George*, 507 F.3d at 607. Therefore, Plaintiff must decide which related claims to bring in this lawsuit, and he must file a new pleading setting forth a short and plain statement of those claims. *See* Fed R. Civ. P. 8(a)(2). Because the claims are not properly joined, Thomas's pro se complaint is DISMISSED.

## IV. LEAVE TO AMEND

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid sua sponte dismissal under the Prison Litigation Reform Act, Pub. L. No. 104-34, 110 Stat. 1321 (1996). *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The allegations in the inmate's complaint are very serious. Therefore, the Court finds it appropriate to provide him an opportunity to properly assert those claims and, therefore, grants leave to amend the complaint.

## V. CONCLUSION

In light of the foregoing, all of Thomas's claims are DISMISSED for improper joinder. If Plaintiff desires to file an amended complaint as outlined herein, he must do so within thirty days of the entry of this order.

The Court further notes that Plaintiff had a similar case previously dismissed for failure to state a claim, *Thomas v. Barr*, No. 11-1378-JDT-egb, (D.E. 4) (W.D. Tenn. Aug. 7, 2012). Considering the similarity between the allegations made in this case and that one, should Thomas fail to refile appropriately, this case will be dismissed with prejudice as malicious. *See, e.g.*, *Dorsey v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:11-0126, 2011 WL 2078520, at *1 (M.D. Tenn. Apr. 14, 2011) (recommending dismissal of the plaintiff's claims for the same reason and collecting cases). Any subsequent action filed by Plaintiff that is dismissed for frivolity, maliciousness, or failure to state a claim will count as his third "strike" for purposes of 28 U.S.C. § 1915(g). Any complaints filed beyond this will be summarily dismissed for violation of that statute, "unless the prisoner is under imminent danger of serious physical injury." *Id.*

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for improper joinder also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Mathias would not be taken in good faith.

IT IS SO ORDERED this 22nd day of October 2018.

                                                          s/ J. DANIEL BREEN
                                                         UNITED STATES DISTRICT JUDGE